THE HONORABLE JOHN C. COUGHENOUR

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

| | |
|---|---|
| EMPLOYEE PAINTERS' TRUST HEALTH & WELFARE FUND; WESTERN WASHINGTON PAINTERS DEFINED CONTRIBUTION PENSION TRUST; DISTRICT COUNCIL NO. 5 APPRENTICESHIP AND TRAINING TRUST FUND; WESTERN WASHINGTON PAINTERS LABOR MANAGEMENT COOPERATION TRUST; INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES INDUSTRY PENSION FUND; and INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES DISTRICT COUNCIL NO. 5,<br><br>         Plaintiffs,<br><br>    v.<br><br>GILBER F. ROJO and JANE DOE ROJO, husband and wife and the marital community comprised thereof, d/b/a MGD PAINTING & DRYWALL,<br><br>         Defendants. | CASE NO. C11-0111-JCC<br><br>ORDER GRANTING SUMMARY JUDGMENT FOR PLAINTIFFS |

This matter comes before the Court on Plaintiffs' motion for an order striking Defendants' answer and for default judgment against Defendants or, in the alternative, for summary judgment (Dkt. No. 35) and Plaintiffs' supplemental memorandum (Dkt. No. 38).

ORDER GRANTING SUMMARY JUDGMENT
FOR PLAINTIFFS
PAGE - 1

Having thoroughly considered the motion and supplemental memorandum, the Court hereby GRANTS summary judgment for Plaintiffs (Dkt. No. 35) for the reasons explained herein.

Plaintiffs filed this action on January 19, 2011, alleging that Defendant Gilber F. Rojo, doing business as MGD Painting, had breached the terms of labor and trust agreements to which he was a party by failing to provide monthly reports and fringe benefit contributions as they came due. (Dkt. No. 1.) Defendants did not answer the complaint, and the Court entered an order of default against them on June 24, 2011. (Dkt. No. 14.) Defendants answered the complaint on October 5, 2011. (Dkt. No. 15.) Defendants subsequently failed to answer or otherwise respond to Plaintiffs' discovery requests. (Dkt. No. 27 at 2–4 ¶¶ 6–12.) Plaintiffs moved for an order compelling Defendants to respond. (Dkt. No. 26.) The Court granted the motion on June 1, 2012. (Dkt. No. 30.) Defendants have failed to comply with the order. (Dkt. No. 35-1 Ex. 1 at 3 ¶ 2.) Plaintiffs now move for an order striking Defendants' answer and granting default judgment against Defendants or, in the alternative, for summary judgment, in the amount of $52,021.41, consisting of $34,598.70 in delinquent contributions, interest, and liquidated damages, and $17,422.71 in legal fees and costs, as of November 30, 2012. (Dkt. Nos. 35, 38.)

Defendants have filed no response to Plaintiffs' motion, supplemental memorandum, and accompanying assertions of fact. "If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion" and "grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it . . . ." Fed. R. Civ. P. 56(e)(2)–(3). The Court thus considers Plaintiffs' assertions of fact undisputed. Having thoroughly considered those materials, the Court finds that Plaintiffs are entitled to summary judgment on their claim that Defendants are jointly and severally liable to Plaintiffs in the amount of $52,021.41, consisting of $34,598.70 in delinquent contributions, interest, and liquidated damages, and $17,422.71 in legal fees and costs, as of November 30, 2012. Plaintiffs' motion for summary judgment (Dkt. No. 35) is therefore GRANTED. In light of the Court's

1  order, the Court DENIES Plaintiffs' requests to strike Defendants' answer and to enter default
2  judgment against Defendants as moot.
3      The Clerk of Court is DIRECTED to issue a final judgment and close this case.
4      DATED this 5th day of December 2012.

                                              John C. Coughenour
                                              UNITED STATES DISTRICT JUDGE